# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00150 |
| | § | (Judge Mazzant/Judge Nowak) |
| ROBERT E. BAKER AND MARY JILL BAKER | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 25, 2015, the report of the Magistrate Judge (Dkt. #12) was entered containing proposed findings of fact and recommendations that Plaintiff Nationstar Mortgage LLC d/b/a Champion Mortgage Company's ("Plaintiff") Motion to Remand and for Sanctions (Dkt. #6) be granted. Having received the report of the Magistrate Judge (Dkt. # 12), having considered Defendants' timely filed objections (Dkt. #15) and Plaintiff's response thereto (Dkt. #16), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. # 12) as the findings and conclusions of the Court.

### BACKGROUND

The facts in this case originate from a foreclosure proceeding related to a reverse mortgage loan secured by the real property located at 3935 Spinnaker Run Point, Little Elm, Texas 75068. The underlying facts are set out in further detail by the Magistrate Judge, and need not be repeated in their entirety (*see* Dkt. #12). Accordingly, the Court sets forth herein only those facts pertinent to Defendants' objections.

This case was previously removed and remanded (Cause No. 4:15-CV-455), and has now been removed to this District by Defendants Robert E. Baker and Mary Jill Baker ("Defendants") for a second time (*see* Dkt. #1). Defendants are citizens of Texas, and Plaintiff, a limited liability company, is headquartered in Texas and wholly owned by two Delaware limited liability companies, which in turn are wholly owned by Nationstar Mortgage Holdings, Inc., a Delaware corporation (Dkts. #6 at 4; #9 at 3; *see also* Cause No. 4:15-CV-455, Dkt. #10 at 4). As such Nationstar is a citizen of both Delaware and Texas (Dkt. #6 at 4; *see also* Cause No. 4:15-CV-455, Dkt. #10 at 4). On July 6, 2015, Defendants removed this case to this District on the basis of diversity jurisdiction (*see* Cause No. 4:15-CV-455, Dkt. #1). On August 6, 2015, Plaintiff filed a Motion to Remand alleging Defendants' removal was untimely, and that complete diversity of citizenship did not exist. *Id.* at Dkt. #7. On September 18, 2015, after receipt of Defendants' Response to the Motion to Remand, Magistrate Judge Don Bush recommended the case be remanded because of Defendants' failure to prove diversity of citizenship (or the existence of a federal question). *Id.* at Dkts. #8; #10. The recommendation of the Magistrate Judge was adopted by the District Judge, and this action was remanded on December 15, 2015. *Id.* at Dkt. #14; *see also Nationstar Mortg. LLC v. Baker*, No. 4:15-CV-455, 2015 US Dist. LEXIS 167652 (E.D. Tex. Dec. 15, 2015).

On March 3, 2016, Defendants removed this case to this District a second time on the same basis as the first removal (Dkt. #1). Plaintiff again filed a Motion to Remand and also requests sanctions (Dkt. #6). The Magistrate Judge entered a report and recommendation on April 26, 2016, recommending this case be remanded back to the 211th District Court, Denton County, Texas, and that Plaintiff have and recover from Defendants its reasonable and necessary fees and costs incurred in preparing and filing the Motion to Remand and for Sanctions

(Dkt. #12). The Magistrate Judge ordered Plaintiff to file its application and verified proof of reasonable and necessary fees and costs incurred in preparing and filing the Motion for Remand and for Sanctions within seven days of entry of the report and recommendation. *Id*. On May 3, 2016, Plaintiff filed an Application for Attorneys' Fees requesting fees and costs in the amount of $1,382.00 (Dkt. #13). On May 11, 2016, Defendants timely filed objections (Dkt. #15). On May 18, 2016, Plaintiff filed a response to Defendants' objections (Dkt. #16).

## DEFENDANTS' OBJECTIONS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). However, "[p]arties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012).

> Defendants' objections state:
>
> The recommendation was based on 28 U.S.C. § 1441(b) 'an action may not be removed on the basis of diversity if any defendant, properly joined and served, is a citizen of the stat [sic] where the plaintiff filed suit.' The Defendant ROBERT E. BAKER & MARY JILL BAKER is [sic] a citizen of Texas which is the same state of the forcible detainer action. And therefore cannot be removed to federal court. It is this part of the recommendation that the Defendant [sic] specifically objects to.

(Dkt. #15 at 3).

The Court has undertaken a de novo review of the report and recommendation and the Court concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass*, 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). The Magistrate Judge clearly outlined the law regarding removal to federal court a second time where no new ground for such removal is stated, and concluded that "[t]here is no new ground for removal here ... [ and thus] Defendants are precluded from seeking removal a second time ..." (Dkt. #12 at 4-5). The Court agrees.

While "[t]he Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand," a subsequent removal cannot be based upon the same ground – that is, the same "pleading or event that made the case removable." *S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 492 (5th Cir. 1996). Only "[i]f the defendant raises a new factual basis, [that] is not deemed adjudicated with the [prior] remand order" is a second removal proper. *Id*. at 493. *See also, Weaver v. Zurich Ins. Co*., No. 4:11-1095, 2011 WL 4007883 (S.D. Tex. Sept. 7, 2011) (involving second removal); *Leon v. Gordon Trucking, Inc.,* 76 F. Supp. 3d 1055 (C.D. Cal. 2014) (same); *Ebeling v. Scottsdale Ins. Co*., No. 08-4619, 2008 WL 4974804 (E.D. La. Nov. 19, 2008) (same); *Gray v. Stanford Research Institute,* 108 F. Supp. 639 (N.D. Tex. 1952) (same). The Court has conducted a de novo review and agrees that Defendants' first removal and second removal are virtually identical, and thus there is no new ground for removal. Accordingly, the Court finds Defendants' objections are overruled, and this case should be remanded to the 211th District Court, Denton County, Texas.

The Magistrate Judge recommended that Plaintiff have and recover from Defendants its reasonable and necessary fees and costs incurred in preparing and filing the Motion to Remand

and for Sanctions (Dkt. #12 at 5). The Magistrate Judge ordered Plaintiff to file its application and verified proof of the reasonable and necessary fees and costs incurred in preparing and filing the Motion to Remand and for Sanctions. *Id*. at 6. On May 3, 2016, Plaintiff filed its Application for Attorneys' Fees (Dkt. #13). Defendants set forth no specific objection to the Magistrate Judge's recommendation that Plaintiff recover from Defendants its reasonable and necessary fees and costs incurred in preparing and filing its Motion to Remand and for Sanctions.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered Defendants' timely filed objections (Dkt. #15) and Plaintiff's response thereto (Dkt. #16), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #12) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion to Remand and for Sanctions (Dkt. #6) is **GRANTED**, and this case is **REMANDED** to the 211th District Court, Denton County, Texas.

It is further **ORDERED** that Plaintiff's Application for Attorney Fees (Dkt. #13) is **GRANTED,** and Defendants Mary Jill Baker and Robert E. Baker shall pay Plaintiff's attorneys' reasonable fees and costs in the amount of $1,382.00.

**IT IS SO ORDERED.**
**SIGNED this 8th day of June, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE